IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR148 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES ALLEN CLARK, | ) | MOTION FOR PROTECTIVE ORDER |
| ERIC LOUIS HOGAN, | ) | |
| KENNETH ALLEN LATHAM, | ) | |
| JAMES KEVIN ALFORD, | ) | |
| HARVEY DANIELS, JR. | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Om Kakani and Alejandro A. Abreu, Assistant United States Attorneys, hereby respectfully requests that this Court issue an order pertaining to disclosures made by the United States of America to defendants, their counsel of record, employees of defense counsel of record, and other personnel engaged or employed by defense counsel of record in connection with this case (the "Defense Teams") pursuant to the Government's obligations under the *Jencks* Act, 18 U.S.C. § 3500, and Rule 16 of the Federal Rules of Criminal Procedure. A proposed order is attached as Exhibit 1 hereto. Defendants Clark, Hogan, Latham, Alford, and Daniels do not object to the entry of the proposed order.

I. **THE PROTECTIVE ORDER**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Government respectfully moves this Court for a protective order prohibiting any member of the Defense Teams from disclosing or disseminating any and all *Jencks* materials, including reports of prior

statements of potential Government trial witnesses, documents submitted with said materials, and the substance thereof, and any and all other discovery material produced by the Government in this case, to any person or entity in any way without express permission of the Court. Furthermore, the Government requests that the order require each member of the Defense Teams who receives discovery to sign the appropriate Acknowledgments attached to the proposed protective order, file it *ex parte* with the Court, and provide a copy to the Government prior to receiving any discovery or *Jencks* materials.

It is further requested that the following exceptions to the foregoing restrictions be made with respect to the conducting of investigations by members of the Defense Teams, so long as the Defense Team members have previously executed and filed the appropriate Acknowledgment of the protective order described above. A Defense Team member may disclose and show *Jencks* material or other discovery materials provided by the Government to potential witnesses under the following conditions: (1) prior to the actual disclosure, the Defense Team member making an investigative disclosure must read or summarize the pertinent parts of the protective order to any individual to whom disclosure will be made of the prohibitions of conveying any information to any other person or entity and the consequences of such an unauthorized disclosure, and orally advise the individual of his or her obligation to comply with its terms, except when the Defense Team is reviewing with a witness that witness' statement previously given to the Government; (2) prior to the actual disclosure, the individual to whom disclosure is to be made shall execute an Acknowledgment to be filed with the Court *ex parte* and under seal within 48 hours of execution, that the individual has been informed of the existence of the protective order, understands it, and agrees to abide by its terms; (3) the Defense Team will remind witnesses of their duties under the Order and Acknowledgement should they

become aware that the witness recorded any information contain in the *Jencks* or other discovery materials; (4) the Defense Team will maintain a log of all witnesses to whom disclosure is made, specifying the time and date of the disclosure and describing the contents of the disclosure; and (5) unless such information is that of the witness to whom such materials are to be shown, the Defense Teams will redact *Jencks* and other discovery materials so as not to disclose any personal identifying information or identifying financial account numbers before copies of such documents are shown to the individual. In addition, a Defense Team member subject to the protective order may show copies of summary charts derived from discovery materials to potential witnesses as long as conditions (1) through (5) above are satisfied.

## II.      JUSTIFICATION FOR LIMITED DISCLOSURE

Discovery in this case is voluminous, and confidential and sensitive information of the type described below is dispersed throughout it. Accordingly, although, as a general matter, this type of information can be manually redacted, the Government seeks to make such materials subject to a protective order to avoid slowing the discovery process by requiring the Government to employ what would be a protracted redaction process for the discovery and *Jencks* productions. Discovery materials can be produced in a more timely manner if the Government is not required to undertake time-consuming redactions and is not required to analyze whether each item produced should be subject to the protective order.

All of the discovery in this case will be provided in digital format. At different stages of the case, the defense will be provided with compact discs, DVDs, or hard-drives that contain scanned or electronic records. These discovery disbursements will include affidavits in support of search warrants, applications for search warrants, emails, grand jury transcripts, interview reports, and subpoenaed documents. In the present case, the format in which most of the discovery will be provided greatly increases the risk of dissemination. In light of the personally-identifying

information included in the discovery, dissemination of the information could lead to severe consequences for individuals, such as identify theft. Indeed, Federal Rule of Criminal Procedure 49.1(a) recognizes the sensitive nature of personally-identifying information by requiring parties to redact it from court filings.

The Government proposes that the procedures outlined in the proposed order be implemented in order to ensure the safety of witnesses, protect the personal information of individuals, and preserve the integrity of the discovery process while protecting the rights of each Defendant to the disclosure of evidence under Criminal Rule of Procedure 16 and to adequately assist counsel in the preparation of a defense. Placing the confidential personal information of third parties under a protective order puts the Government and defendants in equal positions, both having full and open access to the same information.

Finally, there are several individuals and business entities who are named in the materials described above who may never be charged. Dissemination of this information enhances the risk that privacy rights would be violated. Releasing information about the foregoing individuals and any related business entities would subject them to undue ridicule and embarrassment. The *Jencks* and other discovery materials should remain confidential under this Court's protective order to avoid embarrassment for those persons who may never be charged.

### III.  CONSULTATION WITH DEFENSE COUNSEL

The Government has consulted with counsel for the Defendants on the proposed order and incorporated a number of changes. As previously noted, Defendants Clark, Hogan, Latham, Alford, and Daniels, by and through their counsel, do not oppose the motion.

## IV. CONCLUSION

Accordingly, pursuant to Federal Rule of Criminal Procedure 16(d)(1), the United States hereby moves this Court to issue the protective order attached as Exhibit 1 hereto, which would apply to all *Jencks* materials, including exhibits produced as part of the *Jencks* production, and all discovery materials, and which would prohibit any member of the Defense Teams from disseminating any and all such materials to any other person or entity without obtaining authorization from the Court, except as otherwise provided therein.

                                                Respectfully submitted,

                                                JUSTIN E. HERDMAN
                                                United States Attorney

By:  /s/ Alejandro A. Abreu
       Om M. Kakani (NY: 4337705)
       Alejandro A. Abreu (OH: 0089477)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3756/3620
       Om.Kakani@usdoj.gov
       Alejandro.A.Abreu@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 12th day of April 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

        /s/ Alejandro A. Abreu
        Alejandro A. Abreu
        Assistant U.S. Attorney