UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMES ALLEN CLARK, *et al.*,

    Defendants.

Case No. 1:19-cr-148

OPINION & ORDER
[Resolving Docs. 80, 81, 82, 85, 86, 90, 98, 99]

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, a seventy-one-count indictment charges the Defendants with conspiring to defraud the government.[1] The Court previously set the trial for September.[2]

Four Defendants[3] move to sever their respective trials from their co-defendants' trials.[4] To succeed on their motions to sever, they must show a serious risk that a joint trial would prejudice a specific trial right or prevent the jury from making a reliable judgment.[5] Such prejudice must be "compelling, specific, and actual."[6]

According to Defendants, some Defendants may have made admissions in prior government interviews that inculpate not only the declarant, but also co-defendants. While Defendants admit these statements would likely be admissible against the declarant, they argue they are inadmissible against the declarant's co-defendants. If the speaker does not

---

[1] Doc. 1.
[2] Doc. 74.
[3] James Clark, Eric Hogan, Kenneth Latham, and Harvey Daniels.
[4] Doc. 80 (Defendant Hogan's motion to sever); Doc. 82 (Defendant Latham's motion to join severance motion); Doc. 86 (Defendant Clark's motion to sever); Doc. 88 (Defendant Latham's motion to join severance motion); Doc. 98 (Defendant Daniels' motion to sever); Doc. 99 (Defendant Latham's motion to join severance motion). The Government opposes. Doc. 92.
[5] *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Martinez*, 432 F. App'x 526, 529 (6th Cir. 2011).
[6] *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006).

testify, the declarant's co-defendants would not be able to confront the declarant, potentially violating the Confrontation Clause.[7]

In response, the Government represents that it will not offer such evidence without redacting evidence that incriminates co-defendants unless the declarant testifies. Given this representation, the Court **DENIES** the motions to sever.[8]

At trial, Defendants keep foundational challenges to co-defendant statements.

Next, Defendant Hogan moves for an order directing the Government to identify co-conspirator statements that the Government will offer as trial evidence.[9] Hogan argues that such an order would promote efficiency and allow him to "challenge the evidence in advance of trial."[10]

The Court **DENIES** Defendant Hogan's motion. The Government has identified likely trial exhibits.[11] The Government has thus given Defendants sufficient notice as to what evidence it may offer.

To help trial efficiency, the Court strongly recommends the Government provide the Criminal Rule 26.2 Jencks statements to defendants sufficiently before the trial. The Government says it will call more than twenty witnesses and says the Government has identified more than 300 likely trial exhibits. With this amount of evidence, the Court believes the Government should not game the trial to make prior statement review more unwieldy. The Court recommends the Government provide the Rule 26.2 disclosures a week

---

[7] *See generally Bruton v. United States*, 391 U.S. 123 (1968).
[8] *See generally Richardson v. March*, 481 U.S. 200, 211 (1987).
[9] Doc. 81. The Government Opposes. Doc. 93.
[10] Doc. 81 at 4.
[11] At the July 29, 2019 status conference, the Government estimated that the key documents numbered between 500 to 1,000.

Case No. 1:19-cr-148
Gwin, J.

before the trial.

Finally, Defendants Daniels and Hogan move for a Bill of Particulars under Rule 7.[12] Both defendants argue that some of the indictment's allegations may not actually violate the applicable law. Specifically, Daniels argues that the relevant regulations only required him to retain at least 15% of the *government contract payment*. Whereas, the indictment suggests, in part, that Daniels was required to retain a certain amount of the *contract's value*. Meanwhile, Hogan suggests that the "back-bonding" described in the indictment may not be prohibited by federal regulations.

Even if the allegations and regulations mismatch, it would not justify a Bill of Particulars. The Court may require a Bill of Particulars if the indictment is insufficiently detailed. However, here, the indictment sufficiently states the offense charged, the offense's elements, and the underlying conduct. If Defendants Daniels and Hogan believe their conduct did not violate the law, they may make that argument at trial.[13] The Court **DENIES** Defendant Daniels and Hogan's motions for a Bill of Particulars.

IT IS SO ORDERED.

Dated: August 28, 2019                    s/         *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[12] Docs. 85, 90. The Government opposes. Doc. 94, 103. *See* Fed. R. Crim. P. 7(f) ("The court may direct the government to file a bill of particulars). *See also* Black's Law Dictionary (defining Bill of Particulars as "[a] formal, detailed statements of the claims or charges brought").

[13] The indictment's language will not prejudice Defendants as it is not evidence and the Court does not include it in the jury instructions.